UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVAGAS DRAIN,

        Plaintiff,

v.

                              CASE NO. 1:13-CV-1326

                              HON. ROBERT J. JONKER

GAIL BURKE, *et al.*,

        Defendants.

_____/

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION**

      The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 33) and Plaintiff's Objections (docket # 34). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally

correct. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court new arguments or issues that were not presented to the magistrate judge. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27) (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Swain v. Comm'r Social Security*, 379 F.App'x 512, 517-18 (6th Cir. June 7, 2010) ("A claim raised for the first time in objections to a magistrate judge's report is deemed waived.") (quotation marks omitted); *The Glidden Company v. Kinsella*, 386 F. App'x 535, 544, n. 2 (6th Cir. 2010) (explaining that while the Sixth Circuit has not "squarely addressed" whether a party may raise new arguments before a district judge that were not presented to a magistrate judge, the Sixth Circuit has indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver) (citing *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000)); *Ward v. United States*, 208 F.3d 216, 216 (6th Cir. 2000).

Plaintiff does not raise specific objections to the Report and Recommendation, or challenge in any specific way the analysis of the Report and Recommendation. Instead, Plaintiff contends that the Magistrate Judge "never had proper Authority to Review the pre-trial matter[]" and that the Court failed to issue a scheduling order required under FED. R. CIV. P. 16(b)(1). These arguments are procedurally barred, because Plaintiff did not present them to the Magistrate Judge. The arguments also fail on the merits. First, the Magistrate Judge's authority to consider pre-trial matters in this case is beyond dispute. 28 U.S.C. § 636, LCivR 72.1, 72.2. Second, Rule 16(b)(1) explicitly excepts "categories of actions exempted by local rule" from its requirement that judges issue a scheduling order. Plaintiff's case falls squarely within that category. LCivR 16.1(g)(iv).

For these reasons, Plaintiff's Objections fail.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 33) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that defendant McKee is **DISMISSED** from the case under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by defendants Karp, Gregurek, Rosa, and McKee (docket # 13) is **DISMISSED AS MOOT** to the extent Defendant McKee seeks summary judgment and is **GRANTED** in all other respects.

**IT IS FURTHER ORDERED** that the motions for summary judgment filed by defendants Burke and Behler (docket # 24), and defendant Wojciechowski (docket # 31) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims are **DISMISSED** under 28 U.S.C. § 1367.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

This case is **DISMISSED**.

                                                                   /s/Robert J. Jonker  
                                                      ROBERT J. JONKER  
                                       UNITED STATES DISTRICT JUDGE

Dated:  March 24, 2015